IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC EWELL, | ) Case No. 4:22-cv-1675 |
| Petitioner, | ) JUDGE CHARLES ESQUE FLEMING |
| v. | ) MAGISTRATE JUDGE |
| | ) JONATHAN D. GREENBERG |
| WARDEN, FCI Elkton | ) |
| Respondent. | ) **REPORT & RECOMMENDATION** |

On September 19, 2022, Petitioner Eric Ewell ("Ewell") filed a Petition for Writ of Habeas Corpus filed (28 U.S.C. § 2241) with this Court. In the Petition, Ewell requests this Court release him from the Federal Corrections Institution at Elkton ("FCI Elkton") due to an alleged miscalculation of early release credits earned under the First Step Act ("FSA"). Doc. No. 1. Ewell asserts that he earned sufficient FSA credits for immediate release from FCI Elkton. *Id.* at 2. Ewell's petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). For the reasons that follow, the undersigned recommends Ewell's petition be DISMISSED WITHOUT PREJUDICE.

## I. Procedural History

After filing his petition, Ewell filed several motions including a motion for leave to amend his habeas petition. Doc Nos. 2, 7-11. In his motion for leave to amend his habeas petition, Ewell informed the Court that he was scheduled to be released from FCI Elkton in Lisbon, Ohio on October 20, 2022, and would be serving a term of supervised release. Doc. No.

1

11. Bureau of Prison records indicate Ewell was released from FCI Elkton on October 20, 2022.[1] On October 27, 2022, Ewell filed an Address Change Notice with the Court indicating his new address was P.O. Box 59351, Pittsburgh, PA 15210-9998. Doc. No. 12. Ewell has not filed anything else with the Court since his release. Based on the above, the Court takes notice that Ewell has been released from FCI Elkton. It is believed he is presently under supervised release.

On January 27, 2023, the Court addressed several open motions including Ewell's motion for leave to amend. Doc. No. 11. In his motion for leave to amend, Ewell argues that his FSA credits can be applied to reduce his term of supervised release. Doc. No. 11-1 at 8. However, the Court could not rule on Ewell's motion for leave to amend his petition because it was unsigned and, therefore, in violation of Fed. R. Civ. P 11. The Court provided Ewell until February 9, 2023, to sign and refile his motion for leave to amend and warned that failure to do so would result in the unsigned motion being stricken. Ewell failed to comply with the Court's order.

The Court then provided Ewell an additional chance to comply. On March 6, 2023, the undersigned issued a Show Cause order. Doc. No. 16. The Court explained that Ewell's release rendered his petition requesting release from FCI Elkton moot and, without a valid amendment the Court could not grant Ewell relief. The Court also warned that Ewell's petition was at risk of dismissal for failure to prosecute because he failed to adhere to the prior Court order and had not taken steps to affirmatively advance his case since his release from FCI Elkton. Accordingly, the Court ordered:

> Ewell must SHOW CAUSE within 30 DAYS of entry of
> this order (i.e. no later than **April 6, 2023**) why he failed to comply with the Court's order to refile a *signed* copy of his motion to amend his petition. Alternatively, Ewell may file a *signed* copy of his motion to amend his petition by **April 6, 2023**.

---

[1] Eric Ewell, Identification # 28262-058.
https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

The Court further cautioned that Ewell's failure to comply, or seek an extension, would result in the undersigned recommending dismissal of his petition.

## II.     Analysis

### A. Mootness

Ewell's release has mooted his original petition and, since he has not filed a valid amended petition, this case should be dismissed. As the Court has taken notice that Ewell was released from FCI Elkton, the Court must determine whether it still has jurisdiction to decide the case at bar. It is not axiomatic that a habeas petition is mooted by the expiration of a petitioner's sentence. *See Demis v. Sniezek*, 558 F.3d 508, 515 (6th Cir. 2009). Petitioners subject to post-release control and supervised release, satisfy the "in custody" requirement for habeas review. *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (*citing United States v. Sandles*, 469 F.3d 508, 517–18 (6th Cir.2006). However, it is petitioner's burden to demonstrate that release from incarceration has not rendered his petition moot. *Conteh v. Barr*, No. 4:18CV1357, 2019 WL 1440870, at *1 (N.D. Ohio Apr. 1, 2019) ("For a district court to exercise habeas jurisdiction after release, a petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot."); *See also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) ("it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.") Petitioner must demonstrate that he continues to suffer "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (*citing Lewis, v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249 (1990)). Ewell has not met that burden.

This Court cannot grant the relief Ewell seeks in his original petition (i.e. release from FCI Elkton) because he is no longer being held at that facility. Therefore, because of his release, Ewell must demonstrate that he still has an active case or controversy within this Court's jurisdiction that can be redressed by granting his petition or his case will be rendered moot. *Brock v. U.S. Dep't of Just.*, 256 F. App'x 748, 750 (6th Cir. 2007) ("Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief"); *Diallo v. Adducci*, 444 F. Supp. 3d 815, 820 (N.D. Ohio 2020) (" A habeas petitioner must show 'some concrete and continuing injury other than the now-ended incarceration" that granting the habeas petition will remedy.' ") (*quoting Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). As Ewell has not presented a valid amendment to his petition and the Court cannot grant Ewell the relief he seeks in his petition, the petition should be dismissed.

**B. Failure to Prosecute**

In addition to mootness, Ewell's petition is at risk of dismissal for failure to prosecute. The Court has inherent authority to dismiss a case for failure to prosecute, as well as authority for involuntarily dismissal pursuant to Federal Rule of Civil Procedure 41(b).[2] *Link v. Wasbash R. Co.*, 370 U.S. 626, 629–632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir.2008)

---

[2] Rule 41(b) applies to habeas cases. *See McFadden v. Caughman*, 811 F.2d 606 (6th Cir. 1986)(upholding dismissal of a §2241 habeas petition for failure to prosecute pursuant to Rule 41(b)); *Alexander v. Bureau of Prisons,* No. 4:08CV2296, 2011 WL 2116448, at *5 (N.D. Ohio Apr. 28, 2011), report and recommendation adopted, No. 4:08-CV-2296, 2011 WL 2112553 (N.D. Ohio May 27, 2011)(dismissal of §2241 petition for failure to prosecute pursuant to Rule 41(b)).

(*quoting Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir.1999)). Since Ewell has failed to comply with the Court's orders from January 27, 2023, and March 6, 2023, and has not taken steps to affirmatively advance his case since his release from FCI Elkton, his petition should be dismissed for failure to prosecute.

### III. Conclusion

For the above reasons, the undersigned recommends that Ewell's petition be DISMISSED WITHOUT PREJUDICE.

Date: April 11, 2023

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** *See Berkshire v. Beauvais*, **928 F.3d 520, 530-531 (6th Cir. 2019).**